UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   vs. ) | No. 4:20 CV 1742 MTS |
|   ) | |
| UNITED STATES OF AMERICA, et al., ) | |
|   ) | |
|   Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. Doc. [2]. For the reasons stated below, the Court finds plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

2

of action [that are] supported by mere conclusory statements." *Id.* at 1949.   Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.   This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.   The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*   The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.   When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.   *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against four defendants: the United States of America, the State of Missouri, the Missouri Department of Corrections, and the Eastern Reception, Diagnostic and Corrections Center (ERDCC). Plaintiff describes himself as a sovereign citizen.

Plaintiff's handwritten statement of his claims is difficult to read as it is presented in a disjointed, stream of consciousness narration that forms no legal theory and is devoid of factual support. Plaintiff's entire statement of claim, Doc. [1], is as follows:

> This is in regard to the State and Government using my brain injury to their advantage. When my name is ran [sic] it comes back I'm a sovereign citizen. I do not have to tell them everytime. The USA, State of Missouri, MODOC has been taking advantage of me for years. Not no more.

Plaintiff claims that his injuries include "mind raping, health, feeling, family, physically, mentally, emotionally." *Id*. He seeks $250 trillion in damages, as well as 2,000,000 in stocks from various countries other than the United States. *Id*.

3

**Discussion**

Plaintiff's complaint is legally frivolous because the defendant entities cannot be sued under § 1983.

First, it is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")

Additionally, plaintiff's claims against the State entities, including the State of Missouri, the Missouri Department of Corrections and the ERDCC are barred by the Eleventh Amendment. In the absence of a waiver, the Eleventh Amendment[1] bars a § 1983 suit against a state entity or an individual employed by the state in his official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff seeks monetary damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and will be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

Furthermore, plaintiff's allegations are factually frivolous as they lack an arguable basis in either law or in fact. Reading the complaint as a whole, the Court cannot determine exactly what plaintiff is attempting to allege. He speaks of both the State and Federal government attempting to

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."   U.S. Const. amend XI.

use his "brain injury" to their advantage, but he does not indicate how he has been violated under the law.

Moreover, plaintiff provides no plausible basis for his bizarre requests for relief, which includes 2,000,000 in stocks from various countries, including: China, Japan, Russia, Germany, France, Italy, Great Britain, Ireland, Turkey, Cuba, Columbia, Saudi Arabia, Canada, Mexico, South American, [sic], Israel, Afghanistan, Pakistan, Iran, North Korea, and South Korea. Therefore, the Court finds that the plaintiff's statement of claim and prayer for relief are clearly baseless and factually frivolous as defined in *Denton*.

As of the date of this Order, this action is one of forty-three (43) civil complaints plaintiff has filed in this Court since September 11, 2020, most of which were filed in forma pauperis and composed in roughly the same factually unsupported and disjointed manner. Many of the complaints he has filed are brought against the same governmental entities or employees of those entities and involve similar factual allegations. For example, including the instant case, plaintiff has filed six separate lawsuits against the Jefferson County Sheriff's Department,[2] two lawsuits against the Missouri Courts,[3] and three lawsuits against the Desoto Police Department.[4] Based on the history of plaintiff's filings, it appears the instant complaint is part of an effort to harass the named defendants rather than vindicate a cognizable right. It therefore appears the complaint is malicious, and is subject to dismissal for this reason, as well. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

---

[2] *Engel v. Desoto City Council, et al.*, 4:20-cv-1731-AGF (filed Dec. 4, 2020); *Engel v. Jefferson County Sheriff's Department, et al.*, 4:20-cv-1226-MTS (filed Sept. 9, 2020); *Engel v. Jefferson County, et al.*, 4:20-cv-1687-HEA (filed Nov. 23, 2020); *Engel v. Corizon Medical, et al.*, 4:20-cv-1507-RLW (filed Oct. 16, 2020); and *Engel v. Senator for Missouri, et al.*, 4:20-cv-1522-NCC (filed Oct. 21, 2020).

[3] *Engel v. Judge Missey, et al.*, 4:20-cv-1767-SRC (filed Dec. 10, 2020).

[4] *Engel v. CO1, et al.*, 4:20-cv-1686-JMB (filed Nov. 23, 2020) and *Engel v. Desoto City Council, et al.*, 4:20-cv-1731-AGF (filed Dec. 4, 2020).

In consideration of plaintiff's recent history of filing duplicative and meritless litigation, and the manner in which he has filed his complaints, including the instant complaint, the Court finds it would be futile to permit plaintiff leave to file an amended complaint in this action.

Plaintiff is cautioned to avoid the practice of filing frivolous and malicious complaints, and to avoid the practice of abusing the judicial process by repeatedly filing duplicative lawsuits. Inmates who frequently file frivolous lawsuits are subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Additionally, it is well settled in the Eighth Circuit that this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power."  *See Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998).  This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also In In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (affirmed the district court's *sua sponte* determination that the plaintiff should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process).  These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.*  (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis, Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of December, 2020

                                                                              _____
                                                                              MATTHEW T. SCHELP
                                                                              UNITED STATES DISTRICT JUDGE